4 F.3d 982
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Paul L. MUCKLE, Plaintiff, Appellant,
v.
LOTUS DEVELOPMENT, Defendant, Appellee.
 No. 93-1010.
 United States Court of Appeals,
First Circuit.
 Sept. 7, 1993.
 
 Appeal from the United States District Court for the District of Massachusetts
 Paul L. Muckle on brief pro se.
 Melinda Milberg and Glovsky & Associates on brief for appellee.
 D.Mass.
 VACATED AND REMANDED.
 Before Selya, Boudin and Stahl, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant, Paul Muckle, appeals from a judgment of the district court dismissing his complaint. We vacate and remand.
 
 
 2
 In August 1991, Muckle filed a civil rights complaint against his former employer, Lotus Development Corporation (Lotus), in which he alleged that his lay-off and/or denial of permanent employment resulted from racial discrimination. The district court concluded that the complaint survived the threshold standard for in forma pauperis proceedings, i.e., it was not frivolous, see 28 U.S.C. Sec. 1915(d), and allowed the case to proceed.
 
 
 3
 On October 2, 1992, the district court set a status conference for October 26 at 2:45 pm. On October 6, Lotus notified Muckle that it would take his deposition on October 22. It is undisputed that Muckle received notification of both the deposition and the status conference. Muckle did not appear for his deposition on October 22. Muckle also did not appear at the October 26 status conference. At that conference, Lotus moved to dismiss on the basis of Fed. R. Civ. P. 37(d), i.e., on the ground that Muckle had failed to attend his own deposition.[1] The district court, in a margin order, dated October 26, endorsed Lotus' motion, "Motion To Dismiss is allowed." Judgment entered by separate document, Fed. R. Civ. P. 58, on October 27, 1992.
 
 
 4
 The district court record reveals, however, that on October 26 at 1:29 pm, i.e., before the scheduled status conference, Muckle filed and the district court received a document captioned, "Petition for Writ of Habeas Corpus." That document, dated October 20, asked that the court direct the superintendent of the Massachusetts Correctional Institute at Concord to produce Muckle for a hearing. The petition was a boilerplate form, but at the bottom, Muckle handwrote the following:
 
 
 5
 P.S. If possible could court please put off status conference till 11-2-92 or whenever court deem possible.
 
 
 6
 The petition was signed by Muckle, with apparently his inmate number, and his prison address at MCI Concord. Although the habeas petition was filed in the district court at 1:29 p.m. before the 2:45 p.m. status conference, there is no indication that the district judge had any knowledge of the petition prior to the status conference.
 
 
 7
 But there is considerably more to the story. The judgment of dismissal was entered on a separate document and filed on October 27, 1992, and transmitted to Muckle at his last known pre-incarceration address. On December 28, 1992, long after the 30 day period for filing appeals had expired, see Fed. R. App. P. 4(a)(1), Muckle filed a notice of appeal in the district court. On review of the appeal papers, this court sua sponte asked Muckle to show cause why the appeal should not be dismissed for lack of jurisdiction. Muckle then asked this court to treat his notice as timely under subsection (a)(6) of the rule which allows the district court to reopen the time to appeal under certain circumstances. We then asked the district court to determine whether the reopening provision had been satisfied. Based on affidavits from Muckle and his sister, the district court found that the provision had been satisfied and it reopened the appeal period.
 
 
 8
 The district court has very substantial discretion in applying sanctions for failure to comply with discovery or other deadlines, as it must have in a time of crowded dockets and multitudinous management tasks. But even this broad discretion might be strained by a dismissal based solely on a litigant's failure to appear at a deposition where illness, incarceration or some other powerful excuse existed and was brought to the court's attention in a timely fashion. In this instance, however, Muckle's failure to appear at the deposition or status hearing-despite notice of both-does not stand alone.
 
 
 9
 It appears from the record that Muckle filed his complaint on or about August 21, 1991, but did not serve the complaint until January 7, 1992, well after the 120 day period normally fixed for service.[2] When Lotus sought to serve its answer, the mailing to Muckle's record address was returned, apparently because Muckle had moved in the meantime without advising Lotus. Thereafter, Muckle was located and reserved on July 15, 1992, acknowledged receipt but then took no action whatever in the litigation prior to his incarceration three months' later. This inaction is troublesome because the magistrate judge had earlier fixed October 31, 1992, as the cut-off date for discovery.
 
 
 10
 It also appears that Muckle was advised of Lotus' October 6, 1992, deposition notice scheduling his deposition for October 22, 1992, and of the district court's pretrial conference scheduled for October 26, 1992. Muckle's later explanation that he was sentenced on October 16, 1992, and thereafter imprisoned in MCI Concord does not explain why at some point between October 6 and October 26 Muckle did not notify the court and Lotus that he might or would not be able to attend either of the scheduled functions. Although his filings do indicate the difficulties of proceeding under prison conditions, they also indicate that he had access to a telephone by October 21; but there is no indication that either Lotus' counsel or the court was notified.
 
 
 11
 Thus, even apart from questions about whether Muckle made timely efforts to pursue the appeal after the October 27 judgment, Muckle's attention to this civil suit was seriously deficient. Against this background, we do not think that the district court could be held to have abused its considerable discretion if it dismissed the case despite knowledge of Muckle's incarceration. Rather, dismissal for failure to attend the deposition-or at least to notify the court and Lotus in advance that attendance might be or was impossible-would represent a permissible judgment that Muckle was not taking seriously his responsibilities to the district court or the defendant in litigation that he himself had instigated.
 
 
 12
 Nevertheless, we think that Muckle is entitled to an informed exercise of the district court's discretion-and that discretion belongs to the district court and not to us-before the extreme penalty of a dismissal with prejudice is visited on him based on a failure to appear. Based on the complaint alone, the district court has already said that the allegations cannot be deemed frivolous. While Muckle has been somewhat careless and dilatory, our review of the record indicates that he has partial explanations for at least some of the deficiencies and he is a pro se litigant. Since we asked the district judge only for a finding on reinstatement of the appeal, he may well have thought it beyond his mandate to reconsider the dismissal. Indeed, Muckle has never formally asked the district court to reconsider its dismissal.
 
 
 13
 We think that the fair and efficient course is to vacate the judgment dismissing the case and to remand for the district court to exercise its discretion as to whether dismissal is warranted and, if so, whether with or without prejudice, in light of its current knowledge of all of the circumstances including Muckle's incarceration. The record is now ample and the district court is not obliged to have any hearing or entertain further submissions before making its final determination.[3]
 
 
 14
 Vacated and remanded. No costs.
 
 
 
 [1]
 Rule 37(d) states, in pertinent part:
 If a party ... fails ... to appear before the officer who is to take the deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) [which, inter alia, authorizes dismissal of the action] of subdivision (b)(2) of this rule.
 
 
 [2]
 Muckle does provide some explanation for the delay which may have been caused in part by his initial failure to provide the district court with the customary letter from the EEOC. This letter, which he had received, said that the agency had found no grounds for proceeding with his complaint and freed him to file the complaint in district court
 
 
 [3]
 Muckle has moved for reconsideration of our order of July 23, 1993, denying his motions which sought to amend his complaint and sought the production of documents from Lotus. The motion for reconsideration is denied. We take no view on the merits of these requests. Because we have remanded the case, this denial is without prejudice to Muckle filing his motions to amend and for the production of documents in the district court, in the event that that court reconsiders its dismissal and reopens the case